UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
TANEISHA LAWRENCE-HAMBLET, and         INDEX NO.
MITZIE BAKER-ISLAM,

        Plaintiffs,         **COMPLAINT**

   v.

IDEAL HOME CARE SERVICES INC., and         **JURY TRIAL DEMANDED**
MARIE LABORDE a/ka NICOLE LABORDE,

        Defendants.
-----------------------------------------------------------x

        Plaintiffs, Taneisha Lawrence-Hamblet and Mitzie Baker-Islam, by and through their attorney Law Office of Finn W. Dusenbery, allege as follows:

## JURISDICTION AND VENUE

        1.     This Court has original federal question jurisdiction under 28 U.S.C. § 1331 because this case is brought under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA"). This Court has supplemental jurisdiction over the New York state law claims, as they are so related to the claims in this action within the Court's original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

        2.     Venue is proper in this District because Defendants conduct business in this District, and the acts and/or omissions giving rise to the claims herein alleged took place in this District.

## THE PARTIES

        3.     Defendant Ideal Home Care Services Inc. ("Ideal") is a New York corporation located at 3241 Route 112, Building 7, Suite 5, Medford, NY 11763.

4. Defendant Ideal operates a home care staffing agency that employs home care workers to provide care and assistance to disabled or sick individuals in and around Nassau and Suffolk County.

5. Upon information and belief, Defendant Ideal has an annual gross volume of sales in excess of $500,000.

6. Defendant Marie LaBorde a/k/a Nicole LaBorde is an owner of Defendant Ideal and exercises sufficient control of Defendant Ideal's day to day operations to be considered Plaintiffs' employer under the FLSA and New York law.

7. Defendant LaBorde has the ability to hire and fire Plaintiff Lawrence-Hamblet, Plaintiff Baker-Islam and other employees of Defendant Ideal.

8. For example, Defendant LaBorde hired Plaintiff Lawrence-Hamblet and Plaintiff Baker-Islam.

9. Defendant LaBorde has the power to set employees' rates of pay.

10. For example, Defendant LaBorde set Plaintiff Lawrence-Hamblet's rate of pay and gave Plaintiff Baker-Islam a paper stating her rate of pay.

11. Defendant LaBorde has the power to set employees' schedules.

12. For example, Defendant LaBorde set Plaintiff Baker-Islam's schedule.

13. Defendant LaBorde directs employees' work.

14. For example, Defendant LaBorde told Plaintiff Baker-Islam to assist patients and sometimes gave Plaintiff Lawrence-Hamblet a plan of care listing tasks to do for patients.

15. Plaintiff Taneisha Lawrence-Hamblet ("Plaintiff Lawrence-Hamblet") has been employed by Defendants as a home health aide from around November 2015 to present.

16. Plaintiff Mitzie Baker-Islam ("Plaintiff Baker-Islam") has been employed by Defendants as a home health aide from around November 2015 to present.

## STATEMENT OF FACTS

17. Defendants committed the acts alleged in this Complaint knowingly, intentionally and willfully.

18. Defendants knew that nonpayment of minimum wage, overtime, spread of hours premium, and failure to provide required notices violated federal and state laws.

19. Plaintiff Lawrence-Hamblet worked at patients' homes in Suffolk County.

20. Plaintiff Baker-Islam worked at patients' homes in Nassau and Suffolk County.

21. Plaintiff Lawrence-Hamblet's duties generally included bathing, grooming, dressing, toileting, and feeding patients, doing laundry, cooking, sweeping, mopping, vacuuming, taking garbage out, running errands and going to doctor's appointments with patients, washing dishes, and cleaning patients' homes.

22. Plaintiff Baker-Islam's duties generally included bathing, grooming, dressing, and toileting patients, doing laundry, cooking, sweeping, mopping, vacuuming, taking garbage out, washing dishes, and cleaning patients' homes.

23. Throughout her employment, Plaintiff Lawrence-Hamblet generally worked seven 24-hour shifts per week in alternating weeks.

24. In addition, throughout her employment, in the weeks when she did not work seven 24-hour shifts ("off weeks"), Plaintiff Lawrence-Hamblet generally worked about three 24-hour shifts per month.

25. Throughout her employment, Plaintiff Baker-Islam generally worked seven 24-hour shifts per week in alternating weeks.

26. For each 24-hour shift, Plaintiff Lawrence-Hamblet generally worked about twenty (20) hours per shift.

27. For each 24-hour shift, Plaintiff Baker-Islam generally worked around-the-clock.

28. For each 24-hour shift, Defendants only paid Plaintiff Lawrence-Hamblet for thirteen (13) hours.

29. For each 24-hour shift, Defendants only paid Plaintiff Baker-Islam for thirteen (13) hours.

30. Defendants generally paid Plaintiff Lawrence-Hamblet a rate of $11.50 per hour, and began paying a rate of $17.25 per hour after eighty (80) hours on a bi-weekly basis.

31. Defendants generally paid Plaintiff Baker-Islam a rate of $11.50 per hour and began paying a rate of $17.25 per hour after eighty (80) hours on a bi-weekly basis.

32. While Plaintiff Lawrence-Hamblet was working for Defendants, Plaintiff Lawrence-Hamblet was not free to leave her patients' homes.

33. Throughout her employment, Plaintiff Lawrence-Hamblet maintained her own residence that was not the home of any of Plaintiff Lawrence-Hamblet's patients.

34. While Plaintiff Baker-Islam was working for Defendants, Plaintiff Baker-Islam was not free to leave her patients' homes.

35. Throughout her employment, Plaintiff Baker-Islam maintained her own residence that was not the home of any of Plaintiff Baker-Islam's patients.

36. Plaintiff Lawrence-Hamblet generally did not get five (5) total hours of sleep on each 24-hour shift because she would have to care for or assist the patient in the middle of the night, such as by such as by helping with toileting or monitoring the patient.

37. On each 24-hour shift, Plaintiff Lawrence-Hamblet's sleep was generally interrupted at least four (4) times per night in order to care for or assist her patients.

38. Plaintiff Baker-Islam generally did not get five (5) total hours of sleep on each 24-hour shift because she would have to care for or assist the patient in the middle of the night, such as by helping with toileting or monitoring the patient.

39. Plaintiff Lawrence-Hamblet generally did not get three uninterrupted one (1) hour meal breaks on each 24-hour shift.

40. Plaintiff Baker-Islam generally did not get three uninterrupted one (1) hour meal breaks on each 24-hour shift.

41. For a week or two in or around November 2015, Plaintiff Lawrence-Hamblet slept on a fold-out couch in a living room without privacy and did not have a dresser or closet to put her belongings.

42. From about November 2015 to June or July 2016, Plaintiff Lawrence-Hamblet slept on a fold-out couch in a living room without privacy and did not have a dresser or closet to put her belongings.

43. Defendants did not pay Plaintiff Lawrence-Hamblet the federal or state minimum wage for all hours worked.

44. Defendants did not pay Plaintiff Baker-Islam the federal or state minimum wage for all hours worked.

45. Defendants did not pay Plaintiff Lawrence-Hamblet an overtime premium of one and a half times Plaintiff Lawrence-Hamblet's regular rate for hours worked in excess of forty (40) per week.

46. Defendants did not pay Plaintiff Baker-Islam an overtime premium of one and a half times Plaintiff Baker-Islam's regular rate for hours worked in excess of forty (40) per week.

47. As set forth above, Plaintiff Lawrence-Hamblet's workdays regularly lasted longer than 10 hours.  However, Defendants did not pay Plaintiff Lawrence-Hamblet New York's spread of hours premium when Plaintiff Lawrence-Hamblet's workdays lasted more than 10 hours.

48. As set forth above, Plaintiff Baker-Islam's workdays regularly lasted longer than 10 hours.  However, Defendants did not pay Plaintiff Baker-Islam New York's spread of hours premium when Plaintiff Baker-Islam's workdays lasted more than 10 hours.

49. Defendants never provided Plaintiff Lawrence-Hamblet with the notices or wage statements required by New York Labor Law § 195.

50. Defendants never provided Plaintiff Baker-Islam with the notices or wage statements required by New York Labor Law § 195.

## FIRST CLAIM FOR RELIEF
**(FLSA Minimum Wage Violations, 29 U.S.C. §§ 201, *et seq.*)**

51. Plaintiffs reallege and incorporate by reference all preceding paragraphs as if they were set forth again herein.

52. At all relevant times, Defendants have been, and continue to be, "employers" engaged in interstate "commerce" and/or in the production of "goods" for "commerce," within the meaning of FLSA, 29 U.S.C. § 203.  At all relevant times, Defendants have employed "employee[s]" including Plaintiffs.

53. Throughout the relevant statute of limitations period, Defendants knowingly failed to pay Plaintiffs the federal minimum wage for each hour worked.

6

54. Plaintiffs seek damages in the amount of their unpaid minimum wage compensation, liquidated (double) damages as provided by the FLSA for minimum wage violations, attorneys' fees and costs, and such other legal and equitable relief as this Court deems just and proper.

**SECOND CLAIM FOR RELIEF**
**(New York State Minimum Wage Violations, N.Y. Lab. L. §§ 650** *et seq.*
**N.Y. Comp. Codes R. & Regs., tit. 12, § 142-2.1)**

55. Plaintiffs reallege and incorporate by reference all preceding paragraphs as if they were set forth again herein.

56. Throughout the relevant statute of limitations period, Defendants did not pay Plaintiffs the New York minimum wage for all hours worked.

57. Defendants' failure to pay Plaintiffs the New York minimum wage was willful.

58. Plaintiffs seek damages in the amount of their unpaid minimum wage compensation, liquidated damages as provided by the New York Labor Law for minimum wage violations, pre- and post-judgment interest, attorneys' fees and costs, and such other legal and equitable relief as this Court deems just and proper.

**THIRD CLAIM FOR RELIEF**
**(FLSA Overtime Violations, 29 U.S.C. §§ 201** *et seq.***)**

59. Plaintiffs reallege and incorporate by reference all preceding paragraphs as if they were set forth again herein.

60. Throughout the relevant statute of limitations period, Plaintiffs regularly worked in excess of forty (40) hours per workweek.

61. At all relevant times, Defendants had and operated under a decision, policy and plan, and under common policies, programs, practices, procedures, protocols, routines and rules of willfully failing and refusing to pay Plaintiffs an overtime premium of one and a half times

7

Plaintiffs' regular rate for hours worked in excess of forty (40) per workweek and willfully failing to keep records required by the FLSA and relevant regulations even though the Plaintiffs have been and are entitled to overtime.

62. At all relevant times, Defendants willfully, regularly and repeatedly failed to pay Plaintiffs at the required overtime rate of one and a half times Plaintiffs' regular rate for hours worked in excess of forty (40) hours per workweek.

63. Plaintiffs seek damages in the amount of their unpaid overtime compensation, liquidated (double) damages as provided by the FLSA for overtime violations, attorneys' fees and costs, and such other legal and equitable relief as this Court deems just and proper.

**FOURTH CLAIM FOR RELIEF**
**(New York State Overtime Violations, N.Y. Lab. L. §§ 650 *et seq.***
**N.Y. Comp. Codes R. & Regs., tit. 12, § 142-2.2)**

64. Plaintiffs reallege and incorporate by reference all preceding paragraphs as if they were set forth again herein.

65. It is unlawful under New York law for an employer to suffer or permit a non-exempt employee to work without paying overtime wages for all hours worked in excess of forty (40) hours in any workweek.

66. Throughout the relevant statute of limitations period, Defendants willfully, regularly and repeatedly failed to pay Plaintiffs at the required overtime rate of one-and-one-half times Plaintiffs' regular rate for hours worked in excess of forty (40) hours per workweek.

67. Plaintiffs seek damages in the amount of their unpaid overtime compensation, liquidated damages as provided by the New York Labor Law for overtime violations, pre- and post-judgment interest, attorneys' fees and costs, and such other legal and equitable relief as this Court deems just and proper.

## FIFTH CLAIM FOR RELIEF
### (New York Spread of Hours Provisions, N.Y. Lab. L. § 650 *et seq.*, N.Y. Comp. Code R. & Regs. tit. 12, § 142-2.4)

68. Plaintiffs reallege and incorporate by reference all preceding paragraphs as if they were set forth again herein.

69. Throughout the relevant statute of limitations period, Plaintiffs' workdays regularly lasted more than ten (10) hours.

70. Throughout the relevant statute of limitations period, Defendants willfully and intentionally failed to compensate Plaintiffs one hour's pay at the basic New York minimum hourly wage rate when Plaintiffs' workday lasted more than ten (10) hours, as required by New York law.

71. As a result of Defendants' willful and unlawful conduct, Plaintiffs are entitled to an award of damages, including liquidated damages, in amount to be determined at trial, pre- and post-judgment interest, costs and attorneys' fees, as provided by N.Y. Lab. Law § 663.

## SIXTH CLAIM FOR RELIEF
### (New York Notice Requirements, N.Y. Lab. L. §§ 195, 198)

72. Plaintiffs reallege and incorporate by reference all preceding paragraphs as if they were set forth again herein.

73. Defendants did not provide Plaintiffs with the notices or wage statements required by N.Y. Lab. Law § 195.

74. As a result of Defendant's unlawful conduct, Plaintiffs are entitled to an award of damages pursuant to N.Y. Lab. Law § 198, in amount to be determined at trial, pre- and post-judgment interest, and attorneys' fees and costs as provided for by N.Y. Lab. Law § 663.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs pray for relief as follows:

    A.    An award of damages, according to proof, to be paid by Defendants;

    B.    Liquidated damages and penalties available under applicable laws;

    C.    Costs of action incurred herein, including expert fees;

    D.    Attorneys' fees, including fees pursuant to 29 U.S.C. § 216, N.Y. Lab. L. § 663 and other applicable statutes;

    E.    Pre-judgment and post-judgment interest, as provided by law; and

    F.    Such other and further legal and equitable relief as this Court deems necessary, just and proper.

Dated: New York, New York    Respectfully submitted,
       November 7, 2017

                              By: /s/ Finn W. Dusenbery_____
                                  Finn W. Dusenbery
                                  LAW OFFICE OF FINN W. DUSENBERY
                                  57 W. 57th St, 4th Fl
                                  New York, NY 10019
                                  Tel: (212) 583-0030
                                  Fax: (646) 786-3250

                                  *Attorney for Plaintiff*

## **DEMAND FOR JURY TRIAL**

Plaintiffs hereby demand a jury trial on all causes of action and claims with respect to which they have a right to jury trial.

## **DEMAND FOR JURY TRIAL**

Plaintiff hereby demands a jury trial on all issues of fact and damages stated herein.