**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
-------------------------------------------------------------X
TANEISHA LAWRENCE-HAMBLETT,
and MITZIE BAKER-ISLAM,

                              Plaintiffs,

           - against -
                                        CV 17-6472 (AKT)

IDEAL HOME CARE SERVICES INC., AND
MARIE LABORDE A/K/A NICOLE LABORDE,

                              Defendant(s).
-------------------------------------------------------------X

**ORDER APPROVING SETTLEMENT AND
DISMISSAL WITH PREJUDICE OF CLAIMS**

**A. KATHLEEN TOMLINSON, Magistrate Judge:**

       Having reviewed the Amended Complaint filed in this case by Plaintiffs as well as the Answer to the Amended Complaint filed by the Defendants, having assessed the claims and defenses raised by the parties, having conferred at some length with counsel at the Initial Conference regarding potential resolution of this action, having taken into account the Parties' exchange of documents prior to the settlement, having reviewed the damages calculations, having considered the applicable case law, having presided over the settlement negotiations, and having carefully reviewed the proposed Settlement Agreement and General Release, the Court hereby ORDERS, ADJUDGES and DECREES that:

       1.     The Settlement Agreement, to the extent it addresses claims under the Fair Labor Standards Act and the New York Labor Law: (a) is the result of arm's length negotiations and is fair to all Parties; (b) reasonably resolves a bona fide disagreement between the Parties with regard to the merits of the Plaintiffs' claims; and (c) demonstrates a good faith intention by the

Parties (i) to fully and finally resolve the Plaintiffs' claims for liability and damages under the Fair Labor Standards Act and the New York State Labor Law and (ii) not to re-litigate in whole or in part at any point in the future the claims raised in this litigation or which could have been raised in this litigation concerning the Plaintiffs' wages while employed by the Defendants.

2. The thorough and well-reasoned presentation of respective counsel with regard to the fairness and reasonableness assessment is persuasive. The Settlement Agreement meets the standards set forth in *Wolinsky v. Scholastic Inc.,* 900 F.Supp.2d 332 (S.D.N.Y.2012) in that: (a) the Plaintiffs' range of possible recovery is affected by the dispute over the meal and sleep break periods, including whether those periods were interrupted; (b) whether the plaintiffs complained to the employing agency regarding alleged missed sleep and meal periods; (c) the compensation owed to the plaintiffs under the NYLL for 24-hour shifts; (d) the settlement will enable the parties to avoid anticipated burdens and expenses in establishing their respective claims and defenses at trial particularly in light of defendants' financial circumstances; (e) the record reflects qualitative risks for both sides should the case proceed to trial; (f) the settlement is clearly the product of arm's length negotiations between experienced counsel with the assistance of this Court; and (g) the totality of the circumstances and the progression of this case demonstrate the lack of fraud or collusion. *See Wolinsky*, 900 F.Supp.2d at 335 (internal quotations omitted).

3. The Settlement Agreement complies with the Second Circuit's guidance in *Cheeks v. Freeport Pancake House*, 796 F.3d 199 (2d Cir. 2015) because: (a) there are no restrictive confidentiality provisions which would otherwise conflict with the remedial purposes of the FLSA; (b) the release is narrowly tailored to the FLSA and NYLL claims asserted in this litigation; and (c) the attorney's fees which equate to one-third of the total

settlement amount are fair and consistent with the provisions of the retainer agreement between Plaintiffs and their counsel.

4. The Plaintiffs' Release of the Defendants as partial consideration for the settlement is sufficiently limited to deem the release fair and proper. The Court further notes that counsel have supplied a breakdown of the settlement monies.

5.. Having reviewed the Settlement Agreement provision regarding attorney's fees, the Court finds that the apportionment of one-third of the settlement amount to the attorney's fees, as provided in the Settlement Agreement, is a fair and reasonable reflection of the services rendered to the Plaintiffs by their counsel, The Law Offices of Finn W. Dusenbery, by Finn W. Dusenbery, Esq. The Court has also reviewed the contemporaneous time records of counsel and finds that the fees requested are reasonable under the lodestar method. Courts have referred to the lodestar comparison as a "cross-check" on the issue of reasonableness. *See Velez v. Novartis Pharm. Corp.* No. 04 Civ. 09194, 2010 WL 4877852, at *12 (S.D.N.Y. Nov. 30, 2010); *Ersler v. Toshiba Am., Inc.*, No. CV-07-2304, 2009 WL 454354, at *7 (E.D.N.Y. Feb. 24, 2009). The hourly rates in this case fall within the range of reasonable rates within the Eastern District of New York.

6. In light of all the foregoing factors, the Court finds the Settlement Agreement to be fair and reasonable. The settlement is therefore APPROVED by the Court.

7. The Court retains jurisdiction of this matter for purposes of enforcement of the settlement.

8. This lawsuit and the claims of the Plaintiff asserted in it are DISMISSED, WITH PREJUDICE, in their entirety.

9. Each party shall bear his/its own costs, except as provided to the contrary in the Settlement Agreement.

**SO ORDERED**.

Dated: Central Islip, New York
October 10, 2018

/s/ A. Kathleen Tomlinson
A. KATHLEEN TOMLINSON
U.S. Magistrate Judge

                                                                               U.S. Magistrate Judge

